No. 22-1705

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 23, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| LAFAYETTE DESHAWN UPSHAW, )<br>)<br>    Petitioner-Appellant, )<br>)<br>v. )<br>)<br>GEORGE STEPHENSON, Warden, )<br>)<br>    Respondent-Appellee. )<br>) | O R D E R |

Before: MOORE, GIBBONS, and STRANCH, Circuit Judges.

On March 28, 2024, we issued an opinion affirming the district court's grant of habeas relief to Lafayette Deshawn Upshaw. On April 18, 2024, the day before the mandate was scheduled to issue, the State filed a motion to stay the mandate to permit time for it to file a petition for a writ of certiorari. Petitioner Upshaw filed a response within 10 days, making the motion ripe for decision. *See* Fed. R. App. P. 27(a)(3)(A). The mandate from the panel's opinion has thus been stayed to allow time for the disposition of the State's motion. *See* Fed. R. App. P. 41(b); 6 Cir. R. 41(a). This case's docket does not show that the State has filed a petition for a writ of certiorari during this time, which a review of the Supreme Court's docket confirms. For the reasons discussed below, we deny the State's motion.

Federal Rule of Appellate Procedure 41(d)(1) allows a party to "move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court." Its motion "must show that the petition would present a substantial question and that there is good cause for a stay." *Id.* Generally, this is a daunting standard. *See Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (parties may only obtain a stay in "exceptional cases"); 16AA Charles A. Wright et al., *Fed. Prac.*

*& Proc.* § 3987.1 (5th ed. Sept. 2020 update) ("[T]he grant of a motion to stay the mandate in these circumstances is far from a foregone conclusion.").

A stay pending the filing and disposition of a petition for a writ of certiorari is "not a matter of right" but "instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)). The State did not present "good cause" for a stay, which Rule 41(d)(1) requires. *See United States v. Silver*, 954 F.3d 455, 460 (2d Cir. 2020) (per curiam) (denying stay when defendant did not demonstrate good cause).

Specifically, the Warden's arguments that the mandate will force it to endure the expense of retrying Upshaw and its unsubstantiated speculation that Upshaw presents a threat to the public fail to demonstrate that the State will suffer irreparable harm if the stay were denied. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) (emphasizing that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury"). Such a showing is required; in its absence, we will not stay the mandate. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). Issuance of the mandate does not prevent the State from filing a petition for certiorari. *See* 6 Cir. I.O.P. 41(d). Indeed, it has had several weeks to do so.

Therefore, the State's motion to stay the mandate is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk